# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **100% SPEEDLAB, LLC**, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **VAMPIRE OPTICAL COATINGS INCORPORATED**, an Ohio corporation, <br><br> Defendant. | Case No. 2:25-cv-00145 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff 100% Speedlab, LLC ("100%" or "Plaintiff") alleges, based on actual knowledge with respect to 100% and 100%'s acts, and based on information and belief with respect to all other matters, against Defendant Vampire Optical Coatings Incorporated ("Vampire" or "Defendant"), an Ohio corporation, as follows:

## NATURE OF THE CASE

This is a civil action for federal patent infringement in violation of the Patent Act, 35 U.S.C. §§ 1, *et seq.*, and specifically in violation of 35 U.S.C. §§ 271 and 281.

## THE PARTIES

1.  100% is a California limited liability company having a principal place of business located at 10792 Roselle St., San Diego, California 92121.

2.  On information and belief, Vampire is an Ohio corporation having a principal place of business located at 63 East Mill Street, Pataskala, Ohio 43062.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this case involves a federal question arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

4. This Court has personal jurisdiction in this action over Vampire because, on information and belief, Vampire is incorporated in Ohio and has its principal place of business in this judicial district.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Vampire, upon information and belief, resides in this district and under 28 U.S.C. § 1400 because Vampire, upon information and belief, has committed acts of patent infringement in Ohio.

## FACTUAL ALLEGATIONS

A. **100%**

6. 100% markets, offers, and sells various racing and sports gear products under the mark 100%, including goggles, sunglasses, and tear-offs for eyewear, throughout the United States through various channels, including through its website at www.100percent.com and in retail shops.

7. On May 21, 2024, the United States Patent and Trademark Office (the "USPTO") duly issued U.S. Patent No. D1,028,050 (the '050 Patent) after a full and fair examination. A copy of the '050 Patent is attached hereto as Exhibit A.

8. 100% is presently the owner of the '050 Patent, having received all rights, title and interest in the '050 Patent by way of an assignment from the inventors to 100%. The '050 Patent is set to expire May 21, 2039.

9. 100% owns all right, title and interest in and the '050 Patent, titled "TEAR-OFF," including the right to sue thereon and the right to recover for infringement thereof. The '050 Patent gives 100% the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States and from importing the invention claimed in the patent into the United States.

**B.** <u>Vampire</u>

10. On information and belief, Vampire is selling tear-offs for eyewear in the United States and elsewhere through its retail website located at vampiretearoffs.com. Screenshots from Vampire's retail website (as of February 21, 2025) are attached hereto as Exhibit B.

11. Upon information and belief, Vampire designs, manufactures, sells and distributes a tear-off for eyewear which incorporates the design, structure and function of the '050 Patent.

12. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the Vampire tear-off for eyewear is substantially the same as the design in the '050 Patent, and the resemblance is such as to deceive such an observer, inducing the purchase of the accused product supposing it to be the 100% designed tear-off for eyewear.

13. On information and belief, the product offered for sale and sold by Vampire under the name "100% Strata2, Accuri2, Racecraft2" ("the Accused Product') infringes the '050 Patent. Photos of the Accused Product from a sample purchased on July 23, 2024 through Vampire's retail website and shipped to Oregon are shown below.



14. Below is a side-by-side comparison of the ornamental design in the '050 Patent and the Accused Product. This side-by-side comparison confirms that the Accused Product incorporates the ornamental design and structure of the '050 Patent and the resemblance is such as to deceive an observer, inducing the purchase of the Accused Product supposing it to be the 100% designed tear-off for eyewear.

15. On information and belief, Vampire has been aware of 100%'s patent rights in the '050 Patent since at least September 19, 2024, when 100% sent Vampire a demand letter notifying Vampire of 100%'s patent rights and alleging infringement of the '050 Patent. A copy of the demand letter is attached as Exhibit C.

16. On December 6, 2024, Vampire responded to 100%'s letter of September 19, 2024, indicating it refused to stop selling the Accused Product. A copy of Vampire's response letter is attached as Exhibit D. On information and belief, Vampire is continuing to sell the Accused Product through its website.

17. 100% has not licensed any rights under any of the '050 Patent to Vampire and Vampire is not authorized by 100% in any way to make, use, import, offer to sell, and sell the Accused Product.

18. On information and belief, Vampire is willfully infringing the '050 Patent.

**CLAIM – INFRINGEMENT OF THE '050 PATENT**

19. 100% incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though set forth fully herein.

20. The '050 Patent claims an ornamental design for a tear-off for eyewear.

21. Upon information and belief, Vampire has infringed and is infringing the '050 Patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Product.

22. The Accused Product appropriates the ornamental design for a tear-off for eyewear as disclosed in the '050 Patent.

23. Vampire's infringement of the '050 Patent has been and continues to be willful.

24. 100% has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Vampire.

25. 100% has suffered, and will continue to suffer, permanent and irreparable injury for which 100% has no adequate remedy at law.

26. 100% has never authorized Vampire to make, use, offer to sell, sell, and/or import into the United States products covered by the '050 Patent.

27. Upon information and belief, infringement by Vampire will continue unless enjoined by this court.

28. 100% is entitled to relief as provided by 35 U.S.C. §§ 281, 283-285, and 289.

## PRAYER FOR RELIEF

WHEREFORE, 100% prays for judgment as follows:

A. That Vampire has infringed, and is infringing, the '050 Patent, in violation of 35 U.S.C. §§ 271 and 281;

B. That infringement by Vampire is willful;

C. That Vampire, its officers, directors, agents, representatives, employees, attorneys, affiliates, partners and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined against all acts of patent infringement, including but not limited to making, using, selling, offering to sell, and importing the Accused Product and any other Vampire products found to infringe the '050 Patent;

D. That Vampire be required to provide an accounting of all infringing sales;

E. That Vampire be required to deliver to 100% for destruction any and all articles in its possession and/or under its control that infringe the '050 Patent, including but not limited to all existing Accused Product, associated packaging, and advertisements;

F. That Vampire be ordered to pay 100% the damages that 100% has suffered due to patent infringement by Vampire, together with interest thereon;

G. That Vampire be ordered to account for and pay 100% the total profits that 100% has lost as a result of the infringement by Vampire the subject of this action;

H. That Vampire be ordered to account for and pay 100% the total profits Vampire has received from the sale of products infringing any of the '050 Patent;

I. That this case be declared exceptional pursuant to 35 U.S.C. § 285, due to willful infringement by Vampire, and that 100% be awarded trebled damages and its reasonable attorneys' fees and costs; and

J. That 100% have such other and further relief as the Court and/or a jury deems just and proper.

## JURY DEMAND

100% hereby demands a trial by jury of all issues so triable.

Dated: April 17, 2025        Respectfully submitted,

**SAND SEBOLT & WERNOW CO., LPA**

By */s/ James F. McCarthy, III*
James F. McCarthy,III (002245)
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
330-244-1174
James.Mccarthy@sswip.com

**KOLITCH ROMANO DASCENZO GATES LLC**

Thomas J. Romano (OSB No. 053661)
(*Pro hac vice forthcoming*)
Email: tj@krdglaw.com
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
Facsimile: (503) 224-7329

*Attorneys for Plaintiff*
*100% SPEEDLAB, LLC*